IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RODNEY BURTON,                    )
                                  )
                 Petitioner,      )
                                  )
vs.                               )        Case No. CIV-06-267-W
                                  )
JUSTIN JONES,                     )
                                  )
                 Respondent.      )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C.

§ 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Respondent has filed a motion to dismiss the petition (Doc. No. 10) and a brief in support

(Doc. No. 11), alleging the petition is untimely pursuant to 28 U.S.C. § 2244(d).

Petitioner has responded to the motion (Doc. No. 14), and the matter is now at issue. For

the reasons set forth hereafter, it is recommended that Respondent's motion be granted

and the petition dismissed as untimely.

### Background

Petitioner is attempting to challenge his April 9, 2002, conviction for trafficking

in illegal drugs in Case No. CF-1996-3054, District Court of Oklahoma County, State of

Oklahoma. The Oklahoma Court of Criminal Appeals (OCCA) affirmed this conviction[1]

by Summary Opinion on September 12, 2003.

On November 22, 2004, Petitioner filed an application for post-conviction relief

---

[1]The OCCA dismissed Petitioner's conviction for possession of a controlled dangerous substance within 1000 feet of a school. Brief in Support of Motion to Dismiss, Ex. B.

in the state district court which was denied on February 1, 2005.  Although Petitioner

failed to file a timely appeal from this denial, he applied for and was granted an appeal

out of time by the OCCA on July 13, 2005.[2]  On January 4, 2006, the OCCA affirmed the

trial court's denial of Petitioner's application for post-conviction relief.  Petitioner filed

this habeas action no earlier than March 9, 2006.[3]

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took

effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of

limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United States
> is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized

---

[2]On August 30, 2005, The OCCA entered an order declining jurisdiction and dismissing the post-conviction appeal.  This order was clearly erroneously entered and given no effect by the OCCA.

[3]Respondent asserts that the petition was filed on April 4, 2006.  This date is incorrect.  The petition is file stamped March 14, 2006; however, the verification reflects that Petitioner signed the petition on March 9, 2006.  The petition should be deemed filed when Mr. Burton gave it to prison authorities for mailing.  *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n. 3 (10th Cir. 1998); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988)(holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the district court").  Thus, for purposes of this Report and Recommendation, the undersigned has assumed that Petitioner gave the petition to prison authorities for mailing on March 9, 2006, the day he verified it.  *See March v. Soares*, 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the [habeas] petition as placed in the hands of prison authorities on the same day it was signed.") (citation omitted); *see also United State v. Gray*, 182 F.3d, 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely.").

2

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A) unless a petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B),(C), or (D) above.  *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

As noted previously, the OCCA affirmed Petitioner's conviction on September 12, 2003.  Petitioner then had ninety (90) days from that date to file a petition for writ of certiorari in the United States Supreme Court.  *See* 28 U.S.C. § 2101(c); Rule 13.1, Rules of the Supreme Court of the United States.  Petitioner did not seek such review.  *See* Petitioner's Reply at 2.  Therefore, his conviction became final for purposes of § 2244(d)(1)(A) on December 11, 2003, ninety days after the OCCA's order affirming his conviction.  *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).  Absent tolling, Petitioner had one year, or until December 11, 2004, within which to timely file his federal habeas petition.  *See* 28 U.S.C. § 2244(d); *see also United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event).

Petitioner takes issue with this calculation, contending that his conviction became final ninety days after November 26, 2003, the date he claims the OCCA issued its mandate.  Somehow, Petitioner concludes that his conviction therefore became final on

3

March 26, 2004.[4] The miscalculation notwithstanding, Petitioner is incorrect in his belief that the ninety days for filing a petition for certiorari with the United States Supreme Court runs from the date of the issuance of the mandate by the OCCA. It does not. United States Supreme Court Rule 13.3 states: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Therefore, Petitioner's conviction became final on December 11, 2003, ninety days after the OCCA's opinion was filed, and his federal habeas petition was due one year later, on December 11, 2004.

**Statutory Tolling**

Federal law provides that the limitations period is tolled during the time that a "properly filed" post-conviction proceeding is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner filed an application for post-conviction relief on November 22, 2004, with nineteen (19) days remaining in the one-year limitation period. After the state district court denied his application on February 1, 2005, Petitioner failed to file an appeal within the thirty days allowed by statute. *See* Rule 5.2(C)(1)-(2), Rules of the Oklahoma Court of Criminal Appeals. The limitations period nonetheless continued to be tolled for that thirty-day period during which an appeal could have been timely filed. *Williams v. Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001) (holding that "the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"). When

---

[4]Ninety days from November 26, 2003, would be February 24, 2004.

Petitioner failed to appeal within the time allowed, his post-conviction action was no longer "properly filed," and the limitations period thus began to run again on March 3, 2005. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (rejecting petitioner's argument that because the state appellate court allowed his appeal out of time, the limitations period should be tolled during the entire period between his initial filing for post-conviction relief and the state appellate court's final denial, including the period between the expiration of his time to appeal and his filing of a motion for leave to appeal out of time); *Pink v. McKune*, 146 Fed. Appx. 264 (10th Cir. Aug. 2005)[5] (applying *Gibson, supra*, and citing *Pace v. DiGuglielmo*, 544 U.S. 408, (2005)). Petitioner then had nineteen days or until March 22, 2005, within which to file his federal habeas action.[6]  Absent a basis for equitable tolling, the petition, filed almost a year later on March 9, 2006, is time barred.

### Equitable Tolling

The Tenth Circuit has recognized that "§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.

---

[5]This and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[6]Respondent asserts that the limitations period was tolled from the initial filing of Petitioner's post-conviction application on November 22, 2004, through the OCCA's ruling on the appeal on January 4, 2006, and that the limitations period expired nineteen days later on January 23, 2006. Response at 4.  This calculation is incorrect.  Once Petitioner failed to file an appeal from the denial of his post-conviction application within the thirty days allowed by statute, he had no properly filed appeal pending before the OCCA.  Thus, the limitations period began to run on March 3, 2005 and expired nineteen days later, on March 22, 2005.  On May 24, 2005, the state district judge signed a document titled "Motion for and Order Recommending Direct Appeal Out of Time" which was filed on June 7, 2005.  Respondent's Brief in Support, Ex. D.  The district court docket reflects no other filings between the February 1, 2005, order denying Petitioner's post-conviction application and the June 7, 2005, Motion and Order recommending an appeal out of time. *See* www.oscn.net, Oklahoma County District Court, Case No. CF-96-3054. Because the record reflects that the post-conviction appeal out of time was not properly filed prior to the expiration of the limitation period, it had no tolling effect. *See Gibson v. Klinger*, 232 F.3d at 804.

1998).   However, equitable tolling is appropriate only "in rare and exceptional circumstances," such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations and citations omitted). Simple excusable neglect is not sufficient. *Id.* at 811.   The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller*, 141 F.3d at 977. Moreover, Petitioner must show that he diligently pursued his federal habeas claims. *Miller*, 141 F.3d at 978; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Petitioner does not allege any facts suggesting actual innocence; however, he does argue that "extraordinary circumstances" prevented him from preparing and filing a timely habeas petition.   Specifically, Petitioner contends that counsel who represented him on his post-conviction action advised him of the January 4, 2006, OCCA decision by letter dated February 2, 2006.   Thus, Petitioner contends that "counsel's error in not forwarding this letter much earlier, made it impossible for him filing his federal habeas much earlier . . . ." Petitioner's Reply at 5.   Because such circumstances were beyond his control, Petitioner claims the limitation period should be equitably tolled.   However, as discussed *supra*, the applicable limitations period for Petitioner's habeas action ran on March 22, 2005, over nine months before the OCCA's denial of his post-conviction

appeal. Thus, his counsel's timing in advising him about the OCCA's decision is irrelevant to any tolling issue. Moreover, there is no federal constitutional right to counsel on a state post-conviction action and for this additional reason, post-conviction counsel's alleged negligence cannot establish a basis for equitable tolling. *See Jones v. Kaiser*, 8 Fed. Appx. 887, 889 (10th Cir. 2001) (noting the absence of a constitutional right to counsel in post-conviction proceedings and finding counsel's alleged ineffective assistance was not sufficient to warrant equitable tolling). *See also Hankins v. Boone*, 2000 WL 972963 (10th Cir. July 14, 2000).

In addition, Petitioner fails to demonstrate that he has diligently pursued his claims. Petitioner does not explain why he waited until over eleven months after his conviction became final before filing his post-conviction application. Then he failed to file a timely appeal from the denial of that application. Then he waited over thirty days after notification by his attorney to file his federal habeas petition. *See Marsh*, 223 F.3d at 1220 (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"); *Miller*, 141 F.3d at 978 (same). The record contains no compelling explanation for Petitioner's lack of diligence. Petitioner has therefore failed to show sufficient reason to compel this Court's exercise of equitable tolling power. For this reason, equitable tolling principles should not be applied and the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned

Magistrate Judge that Respondent's motion to dismiss be granted and the petition dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by July 3rd, 2006. *See* 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 13 day of June, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE